# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     *Plaintiff/Respondent*, ) | |
| ) | |
| v. ) | Case No. CR-97-00047-JHP |
| ) | |
| DANIEL ROBERT MARTIN, ) | |
| ) | |
|     *Defendant/Petitioner*. ) | |

## ORDER DENYING DEFENDANT/PETITIONER'S REQUEST FOR A REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. §3582

This matter comes before the Court on Defendant Robert Daniel Martin's *pro se* Motion for Reduction of Term of Imprisonment, Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. #188). The United States of America has timely filed a response. After reviewing the file, the pleadings and the arguments and authorities advanced by the parties, the Court finds and concludes that the motion should be denied.

In September 1997, Defendant was indicted for conspiracy, attempted manufacturing of methamphetamine and criminal violations of the Resource Conservation and Recovery Act (hereinafter "RCRA") stemming from Defendant's removal of hazardous waste from the salvage yard of his associate, Carl Eugene Hines. Defendant also engaged in drug crimes at the salvage yard with Hines and others. (*Indictment*, Doc. #12). On February 12, 1998, a jury convicted Defendant of two counts of transporting hazardous waste to a facility which does not have an RCRA permit, in violation of 42 U.S.C. §6928(d)(1) and 18 U.S.C. §2; two counts of transporting hazardous waste without a manifest, in violation of 42 U.S.C. §6928(d)(5) and 18 U.S.C. §2; one count of storing hazardous waste without a permit, in violation of 42 U.S.C. §6928(d)(2)(A) and 18 U.S.C. §2; one count of conspiracy, in violation of 18 U.S.C. §371; one count of drug conspiracy, in violation of 21 U.S.C. §846; and one count of attempt to manufacture methamphetamine, in violation of 21

U.S.C. §846 and 18 U.S.C. §2. (*Verdict*, Doc.#138). Defendant was sentenced to 240 months imprisonment. (*Sentencing*, Docket Entry dated 06/17/1998).

On July 1, 1998, Defendant appealed his judgment and sentence, arguing that this court improperly admitted firearm and drug evidence. The Tenth Circuit affirmed Defendant's judgment and sentence finding that:

> [I]n the context of drug distribution offenses, firearms are viewed as "'tools of the trade'– that is, means for the distribution of illegal drugs." United States v. Martinez, 938 F.2d 1078, 1083 (10th Cir. 1991). As such, they are probative of a defendant's participation in the drug distribution business and in the particular charged drug conspiracy offenses, and it is immaterial that Martin was not being tried for any offense directly related to his possession of firearms.

***United States v. Martin***, Case No. 98-7097, (10th Cir. Order and Judgment, April 5, 2000)(slip opinion) at 20.

On June 2, 2003, Defendant filed an Application for Nunc Pro Tunc Order. (*Application*, Doc. #181). On June 10, 2003, this Court issued a Minute Order treating Defendant's application as a §2255 motion, and denying the motion as time barred. (*Minute Order*, Doc. #182). Defendant subsequently appealed that ruling to the Tenth Circuit. (*Appeal*, Doc. #183). On February 4, 2004, the Tenth Circuit issued an Order denying Defendant's request for a certificate of appealability and denying Defendant's Petition for Writ of Mandamus. ***United States v. Martin***, *357 F.3d 1198* (10th Cir. 2004). *See also*, (*Appeal Mandate*, Doc. #185).

On May 6, 2010, Defendant filed a motion for reduction of sentence, pursuant to 18 U.S.C. §3582(c)(2)(Doc. #188), relying upon ***District of Columbia v. Heller***, __ U.S. ___, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008). Such reliance is misplaced.

First, Section 3582(c)(2), by its terms, applies only to "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*)." ***Heller*** was not a sentencing guidelines

case, and The Sentencing Commission itself, in response to *Heller*, has not retroactively lowered the sentencing range applicable to Defendant. Defendant's motion is not, therefore, a true motion for modification under Section 3582(c)(2). The motion is instead a substantive collateral challenge to his sentence. The Tenth Circuit's case law as well as recent Supreme Court precedent bars bringing such a challenge under the guise of a Section 3582(c)(2) motion.

Defendant's motion improperly seeks to employ §3582(c)(2) to relitigate sentencing issues unrelated to a retroactively-applied Sentencing Guideline amendment. Section 3582(c)(2) permits a sentencing court to reduce a defendant's sentence only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its recently revised policy statements, the Sentencing Commission makes clear that proceedings under Section 1B1.10 and Section 3582(c)(2) "do not constitute a full resentencing of the defendant." Limitations imposed by the Sentencing Commission will be respected by this Court. See generally *United States v. Powell*, 2008 WL 4492605, *2 (10th Cir. Oct. 8, 2008) (unpublished) (cannot bring substantive challenge to conviction or sentence through 3582(c)(2) motion); *United States v. Williams*, 2008 WL 3861175 (10th Cir. Aug. 15, 2008) (unpublished) (cannot collaterally challenge sentencing calculation through 3582(c)(2) motion); *United States v. Bateman*, 2008 WL 5077725 (11th Cir. Dec. 3, 2008) (unpublished) (in a 3582(c)(2) proceeding, the court is not permitted to address whether the sentence was unconstitutional); *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (Section 3582(c)(2) "do[es] not contemplate a full de novo resentencing") (quoting *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997)); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("A [Section] 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence."); *United States v. Kelley*, 2008 WL 4279630 (W.D. La. Sept. 18, 2008); *United States*

*v. Smith*, 2008 WL 2600789 (E.D. Wis. June 26, 2008) (motion based on crack amendment does not permit revisiting of other sentencing determinations); *United States v. McNair*, 2008 WL 833118 (N.D. Ind. Mar. 27, 2008) (adjustment based on crack amendment is not a full resentencing).

Given the essential jurisprudential interest in finality in criminal litigation, challenges based on §3582(c)(2) are narrowly read. See *Teague v. Lane*, 489 U.S. 288, 308-10 (1989) ("Without finality, the criminal law is deprived of much of its deterrent effect."); *Braxton v. United States*, 500 U.S. 344, 348 (1991) ("In addition to the *duty* to review and revise the Guidelines, Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u)."); and *United States v. Martin*, 2008 WL 4569972, *2 n.3 (10th Cir. Oct. 14, 2008) (unpublished)("There can be no doubt, however, that § 3582(c)(2) is not advisory and that it only authorizes a sentence reduction when the *Guidelines* have been amended to allow a lower sentencing range.") (emphasis in original).

This term, the Supreme Court again stressed the limited parameters for granting relief under Section 3582, in *Dillon v. United States*, when holding that Section 3582(c)(2) proceedings do not implicate *Booker.* No. 09-6338 (U.S. Jun. 17, 2010).

Justice Sotomayor began with the general rule that "'a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Id.*, at 6-7 (quoting §3582(b)). An exception to the rule applies when "'a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o)' and made retroactive pursuant to §994(u)." *Dillon*, at 7. The Court rejected Dillon's contention that Section 3582 authorized a full resentencing. *Id.*, at 7-8.

4

The Supreme Court held that the district court properly denied the variance below the guidelines range and properly refused to consider the other factors in Dillon's motion not related to the two-level reduction for the crack-cocaine Guideline Amendment:

> [Section] 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission. The relevant policy statement instructs that a court proceeding under §3582(c)(2) "shall substitute" the amended Guidelines range for the initial range "and shall leave all other guideline application decisions unaffected." §1B1.10(b)(1). Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to §2D1.1, they are outside the scope of the proceeding authorized by §3582(c)(2), and the District Court properly declined to address them.

*Dillon*, at 13-14.

Like Mr. Dillon, Defendant's challenges to his sentence are not among those specified by the Commission. Defendant does not belong to the "limited class of prisoners-namely, those whose sentence was based on a sentencing range subsequently lowed by the Commission" to whom Section 3582 relief applies. *Id.*, at 8. Accordingly, Defendant's Motion for Reduction of Term of Imprisonment is exposed for what it truly is- his latest attempt to get a second bite at the apple for issues already rejected on appeal.

As an alternative basis for relief, Defendant argues that his possession of a firearm was only "assume[d]" because of his association with Hines who did possess firearms. (*Defendant's Motion*, #188, at 2). As noted by the Tenth Circuit, this Court's possession findings were supported by testimony that when Defendant was arrested in Tennessee, "police found two ounces of methamphetamine and two firearms." **United States v. Martin**, Case No. 98-7097, (10th Cir. Order and Judgment, April 5, 2000)(slip opinion) at 18. A witness also testified that one of the recovered firearms was identical to the "firearm [Defendant] carried during the final methamphetamine 'cook'." *Id.* at 19.

Defendant argues that such an enhancement is unwarranted post- **Heller**. (*Defendant's*

*Motion*, Doc. #188, at 2). Defendant appears to wrongly assume that *Heller* requires actual possession of a firearm before a court may apply a sentencing enhancement under U.S.S.G. §2D1.1(b)(1). Defendant admits that "the application of U.S.S.G. §1B1.3(a)(1)(B) would have supported the two level increase." He cites no authority supporting his contention that *Heller* somehow changed this result. (*Defendant's Motion*, Doc. #188, at 2).

Relying upon *United States v. Washington*, 596 F.3d 777 (10th Cir. 2010) and *United States v. Serafin*, 562 F.3d 1105 (10th Cir. 2009), Defendant argues that his enhancement should be vacated absent evidence of actual possession. (*Defendant's Motion*, Doc. #188, at 2). Yet, neither case supports Defendant's argument.

Defendant Serafin pled guilty to possession of an unregistered firearm in violation of 18 U.S.C. §924(c)(1). *Serafin*, 562 F.3d at 1107. A jury also convicted Serafin of a second count-unlawfully possessing a firearm in furtherance of a crime of violence-with the underlying crime of violence being the possession of the unregistered weapon. *Id.* Serafin argued that his possession of the unregistered weapon did not qualify as a "crime of violence" within the meaning of the statute, and as such, his conviction should be reversed. *Id.* The Tenth Circuit agreed, overturning Serafin's conviction.

At first blush, it could appear that *Serafin* supports Defendant's requested relief. Yet, throughout the opinion, the court references the distinction between the definitions of a "crime of violence" under §924(c)(1) and under the Sentencing Guidelines. In *Serafin*, the discussion centered on the career criminal section of the Sentencing Guidelines (§4B1.2(a)) rather than the drug related offenses section of the Sentencing Guidelines (2D1.1(b)(1) at issue here. For purposes of §924(c), a "'crime of violence' is 'an offence that is a felony and. . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the

course of committing the offense.'" ***Serafin***, at 1108. As the Circuit recognized, "crucially absent from the text of §4B1.2 is that the risk of violence must arise during the course of committing an offense." ***Serafin***, at 1110.

18 U.S.C. §16(b) contains language identical to that in §924(c). In ***Leocal v. Ashcroft***, the Supreme Court addressed the difference between the language in §16(b) and the language in the U.S. Sentencing Guidelines:

> Compare § 16(b) (requiring a "substantial risk that physical force against the person or property of another may be used") with United States Sentencing Commission, Guidelines Manual § 4B1.2(a)(2) (Nov.2003) (in the context of a career-offender sentencing enhancement, defining "crime of violence" as meaning, *inter alia,* "conduct that presents a serious potential risk of physical injury to another").

543 U.S. 1, 10 at n. 7 (2004). The Tenth Circuit has also recognized that the definition of violent crime is broader under the U.S. Sentencing Guidelines than it is under §16(b). ***Serafin***, 562 F.3d at 1109, citing ***United States v. Austin***, 426 F.3d 1266, 1273 (10th Cir. 2005).

Since Defendant's enhancement is authorized by the U.S. Sentencing Guidelines, the broader interpretation applies, and he is not entitled to a reduction based on the decision in ***Serafin***.

Finally, Defendant Washington argued on appeal that his two-count conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Washington argued that the court erred in failing to give a "fleeting possession instruction." ***Washington***, 596 F.3d at 781-82. The Tenth Circuit affirmed Washington's conviction. Obviously, this decision does not support Defendant's request for relief. First, the Tenth Circuit here plainly held that it is not adopting a fleeting possession defense. ***Washington***, at 782. Second, if the Circuit were to adopt the defense, it would "only appl[y] if the defendant (1) momentarily possessed contraband and (2) either lacked knowledge that he possessed contraband or had a legally justifiable reason to possess it temporarily." ***Id.*** Defendant Martin does not satisfy either of these requirements. Lastly, and

most importantly, Washington's appeal addresses a conviction under a criminal statute- not a challenge to a sentencing enhancement.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion for reduction of sentence is denied.

So **ORDERED** this 31st day of August, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma